

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

P. Michael Cunningham
Assistant United States Attorney
michael.cunningham@usdoj.gov

Suite 400  
36 S. Charles Street  
Baltimore, MD 21201

Direct: 410-209-4884  
Main: 410-209-4800  
Fax: 410-962-3091

February 27, 2014

Jack B. Rubin, Esquire  
1300 Court Square Building  
200 E. Lexington Street  
Baltimore, Maryland 21202

James Nachman  
808 N Hamilton St  
Richmond, Virginia 23221

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2014 JUN 25 P 2:19
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

Re:   *United States v. Marcus Lee Smith*
      <u>Criminal Number WDQ-12-0588</u>
      <u>Criminal Number WDQ-14-0229</u> (EDVA Transfer)

Dear Messrs. Rubin and Nachman:

     This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Offices for the District of Maryland and the Eastern District of Virginia ("these Offices"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. **The plea agreement is entered into and will be submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).** If this offer has not been accepted by March 17, 2014, it will be deemed withdrawn. The terms of the agreement are as follows:

Offenses of Conviction

    1.    The Defendant agrees to plead guilty to the one Count Indictment now pending against him in the <u>District of Maryland</u>, which charges him with possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) & (b)(2) and 2256. Additionally, the Defendant agrees to waive indictment and plead guilty to a Criminal Information charging the Defendant, in two counts, with Abusive Sexual Contact, in violation of 18 U.S.C. § 2244(a)(5), in the <u>Eastern District of Virginia</u>. The Defendant admits that he is, in fact, guilty of those offenses and will so advise the Court.

1

### Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which these Offices would prove if the case went to trial, are as follows:

#### Possession of Child Pornography

a. First, that the defendant knowingly possessed a visual depiction

b. Second, that the visual depiction was transported in or affecting interstate or foreign commerce or the visual depiction was produced using materials that had been transported in or affecting interstate or foreign commerce;

c. Third, that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrays that minor engaged in that conduct; and

d. Fourth, that the defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed a minor engaged in that conduct.

#### Abusive Sexual Contact

a. First, within the special maritime or territorial jurisdiction of the United States;

b. Second, that the Defendant knowingly engaged in a sexual act (as defined in 18 U.S.C. § 2246(2)) with another person;

c. Third, that such other person(s) had not attained the age of 12 years.

### Penalties

3. The maximum sentence provided by statute for the offenses to which the Defendant is pleading guilty are as follows: DMD – 10 years incarceration, a $250,000 fine, and a lifetime of supervised release; EDVA – life imprisonment, a $250,000 fine, and a lifetime of supervised release but not less than five (5) years. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, for each of the three counts charged for a total of $300, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.[2]

## Waiver of Rights

4.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

        a.      The Defendant has the right to have his cases presented to Grand Jury, which would decide whether there is probable cause to return an indictment against him. By agreeing to proceed by way of Information, he is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

        b.      **Waiver of Rights Under Juvenile Justice and Delinquency Prevention Act.**[3]  As a condition of this plea agreement, the defendant, upon advice of counsel and pursuant to 18 U.S.C. § 5032, voluntarily waives his rights to any such juvenile delinquency and transfer hearings to which he may have been entitled, and requests to be proceeded against as an adult for purposes of criminal prosecution in the case in the Eastern District of Virginia.

        c.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily.

---

        2       The defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: where the defendant resides; is an employee; or is a student. The defendant understands that the requirements for registration include providing true name, residence address, and names and addresses of any places where the defendant is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes information at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of the defendant's name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment or both.

        3       The offenses the defendant has admitted committing in the Eastern District of Virginia occurred prior to his eighteenth (18th) birthday.

3

All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

      c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

      d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

      e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against his. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

      f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

      g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

      h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

Advisory Sentencing Guidelines Apply

5.   The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

6.   This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which these Offices would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

Possession of Child Pornography (DMD)

a.   The base offense level, pursuant to U.S.S.G. §2G2.2(a)(1) is **18**;

b.   There is a two (2) level increase pursuant to §2G2.2(b)(2) because the material involved a prepubescent minor;

c.   There is a two (2) level increase pursuant to §2G2.2(b)(7)(A) because the offense involved at least 10 but fewer than 150 images; the total offense level is **22**;

Abusive Sexual Conduct (2 Counts) (EDVA)

e.   The base offense level, pursuant to § 2A3.1(a)(2), via § 2A3.4, is 30;

f.   There is a 4 level increase pursuant to § 2A3.1(b)(2), for a total offense level of **34**.

Grouping

g.   In accordance with the grouping rules in Chapter 3 of the Guidelines, these offenses do not group. But, as the offense level for the second group is more than 9 levels higher than the first, it is disregarded. The resulting total offense level is **34**;

h.   These Offices do not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. These Offices agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (i) fails to admit each and every item

5

in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about his involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (vii) attempts to withdraw his plea of guilty. The resulting offense level is **31**.

7.  The Defendant and these offices agree that the defendant's criminal history category is I.

8.  These Offices and the Defendant agree that with respect to the calculation of the advisory guidelines range and application of the 18 U.S.C. § 3553(a) factors, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

Obligations of the United States Attorney's Offices

9.  The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **144 months incarceration**, is the appropriate disposition of this case. This sentence reflects the severity of offenses committed in the Eastern District of Virginia and the District of Maryland. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). Other than the offenses to which the Defendant has agreed to plead guilty, these Offices will not prosecute the Defendant for any other violations of federal criminal law that arise from the facts stipulated by the Defendant and this Office, attached hereto and incorporated herein, that form the basis of this plea agreement.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

Forfeiture

11. The defendant understands that the court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order will include assets directly traceable to his offense, substitute assets and/or a money judgment equal to the value of the property subject to forfeiture. Specifically, as a consequence of the Defendant's plea of guilty to Count One charging a violation(s) of 18 U.S.C. § 2252(a)(4)(B), the court will order the forfeiture of

   a.  Nokia Lumia 900 cell phone, s/n: 103KPDT0328714, with AT&T MicroSIM card, # 72290G3026;

      b.      512 MB PNY Attache USB thumb drive, s/n: 0000000016218;

      c.      4 GB ScanDisk Ultra SD card, s/n: BH1120616239D:

      d.      Pantech P7040P cell phone, s/n: 122603058885, with AT&T SIM card, #73057G3026.

12. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

### Assisting the Government with Regard to the Forfeiture

13. The defendant agrees to assist fully in the forfeiture of the foregoing assets. The defendant agrees to disclose all of his assets and sources of income to the United States, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The defendant also agrees to give this Office permission to request and review his federal and state income tax returns, and any credit reports maintained by any consumer credit reporting entity, until such time as the money judgment is satisfied. In this regard, the defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) as well as whatever disclosure form may be required by any credit reporting entity.

### Waiver of Further Review of Forfeiture

14. The defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

### Waiver of Appeal

15. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

      a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

      b.     The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), <u>except</u> as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds 144 months' imprisonment; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below 144 months' imprisonment.

      c.     Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

      d.     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

<u>Waiver of 28 U.S.C. § 2255</u>

16.     The Defendant further agrees not to file any motions or pleadings pursuant to 28 U.S.C. § 2255. Specifically, the Defendant knowingly, intentionally, and voluntarily waives his right to attack collaterally the plea being offered in the instant case. The Defendant further acknowledges that a breach of this clause of the agreement would leave this Office free to withdraw from this agreement.

<u>Obstruction or Other Violations of Law</u>

17.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge

personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

18. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

19. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney
District of Maryland

By: _____
P. Michael Cunningham
Assistant United States Attorney

Dana J. Boente
Acting United States Attorney
Eastern District of Virginia

By: _____
Heather L. Hart
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorneys. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorneys, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorneys.

3/11/14
Date

_____
Marcus L. Smith

We are Marcus L. Smith's attorneys, the District of Maryland and the Eastern District of Virginia, respectively. We have carefully reviewed every part of this agreement, including the Sealed Supplement with him. He advises us that he understands and accepts its terms. To our knowledge, his decision to enter into this agreement is an informed and voluntary one.

6/25/14
Date

_____
Jack B. Rubin, Esquire

3/11/14
Date

_____
James Nachman, Esquire

10

## Attachment A

### Statement of Facts

*The undersigned parties hereby stipulate and agree that the following facts are true and accurate, and that if this matter had gone to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter gone to trial.*

The Defendant, Marcus Lee Smith, age 20, (hereinafter "the defendant"), lived with his mother in the vicinity of Aberdeen Proving Ground, Maryland, from at least 2011, until he was arrested in August 2012. During that period he was enrolled in and attended Aberdeen High School.

In the summer of 2011, the defendant was suspected of committing sexual assaults on a military installation in the Eastern District of Virginia. He was interviewed about those suspected crimes by agents of the Federal Bureau of Investigation ("FBI"), and a search warrant was obtained and executed at his Aberdeen residence. The investigation into those allegations revealed:

a. On or about June 25, 2011, in the Eastern District of Virginia, at Fort Lee, property administered by the Department of Defense, being within the jurisdiction of this Court and within the special territorial jurisdiction of the United States, defendant, MARCUS SMITH, did knowingly engage in and cause sexual contact with another person, to wit: J.H., a minor.

b. On or about July 2009, through on or about June 25, 2011, in the Eastern District of Virginia, at Fort Lee, property administered by the Department of Defense, being within the jurisdiction of this Court and the special territorial jurisdiction of the United States, defendant, MARCUS SMITH, did knowingly engage in and cause sexual contact with another person, to wit: D.B., a minor.

c. On or about June 25, 2011, J.H., a minor, attended a gathering at a home on Fort Lee. J.H. was nine years old. SMITH also attended that gathering. During the gathering, J.H. went inside to use the bathroom, and SMITH followed him. When J.H. exited the bathroom, SMITH called him into a bedroom in the home. J.H. and SMITH were alone in the room. SMITH then restrained J.H., pulled down J.H.'s pants and underwear, and touched J.H.'s genitalia with his hand.

d. From on or about July 2009, through on or about June 25, 2011, D.B. lived on Fort Lee with his family. D.B. was 8-10 years old during this time period. SMITH would often visit D.B.'s family home on Fort Lee. On more than one occasion during this time, while SMITH was visiting D.B.'s family on Fort Lee, SMITH and D.B. were alone, and SMITH touched D.B.'s genitalia with his hand after making D.B. remove his clothing. While on Fort Lee during this time period, SMITH would also make D.B. touch SMITH's genitalia. On at least

one occasion, SMITH ejaculated during this contact with D.B. SMITH agrees that his touching of J.H.'s genitalia and D.B.'s genitalia on Fort Lee was done with the intent to arouse and gratify SMITH's sexual desire.

In the summer of 2012, further information was provided to the FBI about the defendant, which renewed suspicion that he may have child pornography in his possession. Again law enforcement applied for and obtained a warrant to search his residence, which was executed on August 24, 2012. Officers seized from the possession of the defendant a teal blue, Nokia Lumia 900 cell phone. The mobile phone was located in the bedroom used by the defendant. A preliminary, on-scene examination of the phone was conducted and it appeared to the examiner that images that meet the statutory definition of child pornography at 18 U.S.C. § 2256(8), were on the phone.

A subsequent, more thorough forensic examination of the Nokia Lumia 900 cell phone was performed by an examiner of the Maryland State Police. First, the examiner determined that parts of the phone were manufactured in Korea. Upon examining the digital contents of the phone, the examiner discovered a "Saved pictures" folder, and a file labelled "private pics" that was protected by a password. Upon circumventing the security protection, the examiner discovered 12 images depicting boys engaged in sexually explicit conduct, including one identified as "4863" which appeared to be a naked, prepubescent boy being anally penetrated by an adult male, another with the file name "Kyk-1360343455.jpg" which appears to be a partially unclothed, prepubescent boy playing with his erect penis, and another file with the name "Kyk-1800754627.jpg" which appears to depict three naked, prepubescent boys in sexually explicit poses. Additionally, the examiner found one video file showing two adolescent boys engaged in sexually explicit conduct. Other evidence found on the phone, including message communications, revealed the phone to be that used by the defendant and confirmed that he knowingly and intentionally possessed the child pornography on that digital device.

The defendant did not produce the images of child pornography found on his phone. The child pornography on the defendant's Nokia Lumia 900 cell affected interstate and foreign commerce.

The acts done by the defendant, MARCUS SMITH, in furtherance of the offense(s) charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense(s) charged in this case.

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, MARCUS SMITH, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt. I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it.

_____  3/11/14
Marcus Lee Smith
Defendant

We are the defendant's attorneys. We have carefully reviewed the statement of facts with him.

_____
Jack B. Rubin, Esq.

_____  3/11/14
James Nachman, Esq.

3